# EXHIBIT B

Ernest P. Fronzuto, Esq.- 02835-1997
**FRONZUTO LAW GROUP**
200 Browertown Road
Woodland Park, New Jersey 07424
(973) 345-6300
Attorneys for Plaintiffs, Fergie Rivera-Romero, Administratrix of the Estate of Elizabeth Rivera, deceased, and Fergie Rivera-Romero and Anthony Rivera, individually
File No.: 011.1998

| | |
|---|---|
| FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, and FERGIE RIVERA-ROMERO and ANTHONY RIVERA, individually<br><br>*Plaintiffs,*<br><br>v.<br><br>JANICE TAITEL, M.D.; VANESSA SAMEDI, M.D.; ZUFALL HEALTH CENTER; ZHC DOVER MEDICAL; WILLIAM CARLE, M.D.; JULIA WALTER, R.N.; KEITH ZDZIARSKI, R.N.; HACKETTSTOWN MEDICAL CENTER; JOHN DOES 1-10 (fictitious names representing unknown individuals); and ABC CORPORATIONS 1-10 (fictitious names representing unknown entities),<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, and FERGIE RIVERA-ROMERO and ANTHONY RIVERA, individually, residing at 67 Drakestown Road in the Township of Hackettstown, County of Warren, and State of New Jersey, by way of Complaint against the above-named Defendants, do hereby state:

## **FACTUAL BACKGROUND**

1.  At all times hereinafter mentioned, Defendant, VANESSA SAMEDI, M.D., was/is a physician licensed to practice medicine in the State of New Jersey, practicing her profession at 18 W. Blackwell Street in the Township of Dover, County of Morris, and State of New Jersey.

2. At all times hereinafter mentioned, Defendant, JANICE TAITEL, M.D., was/is a physician licensed to practice medicine in the State of New Jersey, practicing her profession at 18 W. Blackwell Street in the Township of Dover, County of Morris, and State of New Jersey.

3. At all times hereinafter mentioned, Defendant, ZUFALL HEALTH CENTER, was/is a professional association organized under the laws of the State of New Jersey, as a medical practice in the field of Pediatrics located at 18 W. Blackwell Street in the Township of Dover, County of Morris, and State of New Jersey.

4. At all times hereinafter mentioned, Defendant, ZHC DOVER MEDICAL., was/is a professional association organized under the laws of the State of New Jersey, as a medical practice in the field of Pediatrics, located at 18 W. Blackwell Street in the Township of Dover, County of Morris, and State of New Jersey.

5. At all times hereinafter mentioned, Defendant, WILLIAM CARLE, M.D., was/is a physician licensed to practice medicine in the State of New Jersey, practicing his profession at Defendant, HACKETTSTOWN MEDICAL CENTER, located at 651 Willow Grove Street in the Township of Hackettstown, County of Warren, and State of New Jersey.

6. At all times hereinafter mentioned, Defendant, JULIA WALTER, R.N., was/is a registered nurse licensed in the State of New Jersey, practicing her profession at Defendant, HACKETTSTOWN MEDICAL CENTER, located at 651 Willow Grove Street in the Township of Hackettstown, County of Warren, and State of New Jersey.

7. At all times hereinafter mentioned, Defendant, KEITH ZDZIARSKI, R.N., was/is a registered nurse licensed in the State of New Jersey, practicing his profession at Defendant,

HACKETTSTOWN MEDICAL CENTER, located at 651 Willow Grove Street in the Township of Hackettstown, County of Warren, and State of New Jersey.

8. At all times hereinafter mentioned, Defendant, HACKETTSTOWN MEDICAL CENTER, was/is a hospital organized under the laws of the State of New Jersey providing medical care and services to individuals and the public at large.

9. At all times hereinafter mentioned, Defendants, JOHN DOES 1-10, is a fictitious name representing unknown physicians or other health care providers who assisted in, attended to, and/or were responsible for rendering medical services, care, and/or treatment to Plaintiffs' decedent, ELIZABETH RIVERA, in connection with the condition referred herein.

10. At all times hereinafter mentioned, Defendants, ABC CORPORATIONS 1-10, is a fictitious name representing an unknown entity or entities, who assisted in, attended to, and/or otherwise rendered medical services, care, and/or treatment to Plaintiffs' decedent, ELIZABETH RIVERA, in connection with the condition referred herein.

11. On February 14, 2018, Plaintiff's decedent, ELIZABETH RIVERA, was brought to Defendant, ZUFALL HEALTH CENTER and/or ZHC DOVER MEDICAL, and seen by Defendant, JANICE TAITEL, M.D., with medical complaints, including, but not limited to high fever, congestion, cough.

12. On February 18, 2018, Plaintiff's decedent, ELIZABETH RIVERA, was brought to Defendant, HACKETTSTOWN MEDICAL CENTER, and seen by Defendants, WILLIAM CARLE, M.D., JULIA WALTER, R.N. and KEITH ZDZIARSKI, R.N. with medical complaints, including, but not limited to high fever, congestion, cough, labored breathing, and decreased appetite.

13. Plaintiff's decedent, ELIZABETH RIVERA returned to Defendant, ZUFALL HEALTH CENTER and/or ZHC DOVER MEDICAL, and at that time was seen by Defendant, VANESSA

SAMEDI, M.D., with medical complaints, including, but not limited to high fever, congestion, cough, labored breathing, and decreased appetite.

14. On February 21, 2018, Plaintiff's decedent, ELIZABETH RIVERA was found unresponsive and unconscious in her crib.

15. On February 21, 2018, Plaintiff's decedent, ELIZABETH RIVERA was pronounced dead on arrival at Defendant, HACKETTSTOWN MEDICAL CENTER.

## **FIRST COUNT**

1. Plaintiffs repeat each and every allegation set forth in the Factual Background above as if same were set forth at length herein.

2. The Defendant, JANICE TAITEL, M.D., deviated from the accepted standards of medical care and was negligent in that she:

   a. Failed to exercise ordinary care in the diagnosis and treatment of Plaintiffs' decedent's condition and/or in rendering services to Plaintiff in connection with the aforementioned condition;
   b. Failed to exercise the degree of care and skill commonly exercised by other physicians, nurses, and/or attendants;
   c. Failed to warn and/or advise Plaintiffs' decedent of her condition in a timely and diligent manner;
   d. Failed to warn and/or advise Plaintiffs' decedent of certain risks and treatment alternatives;
   e. Failed to properly manage Plaintiffs' decedent's condition; and
   f. Was otherwise negligent.

3. As a direct and proximate result of the negligence of Defendant, JANICE TAITEL, M.D., Plaintiff's decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability,

impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

4. As a direct and proximate result of the negligence of Defendant, JANICE TAITEL, M.D., the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

5. As a direct and proximate result of the negligence of Defendant, JANICE TAITEL, M.D., the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against the Defendant, JANICE TAITEL, M.D., jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

## SECOND COUNT

1. Plaintiffs repeat each and every allegation set forth in the Factual Background and First Count above as if same were set forth at length herein.

2. The Defendant, VANESSA SAMEDI, M.D., deviated from the accepted standards of medical care and was negligent in that she:

  a. Failed to exercise ordinary care in the diagnosis and treatment of Plaintiffs' decedent's condition and/or in rendering services to Plaintiff in connection with the aforementioned condition;

  b. Failed to exercise the degree of care and skill commonly exercised by other physicians, nurses, and/or attendants;

  c. Failed to warn and/or advise Plaintiffs' decedent of her condition in a timely and diligent manner;

   d.  Failed to warn and/or advise Plaintiffs' decedent of certain risks and treatment alternatives;

   e.  Failed to properly manage Plaintiffs' decedent's condition; and

   f.  Was otherwise negligent.

3.  As a direct and proximate result of the negligence of Defendant, VANESSA SAMEDI, M.D., Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

4.  As a direct and proximate result of the negligence of Defendant, VANESSA SAMEDI, M.D., the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

5.  As a direct and proximate result of the negligence of Defendant, VANESSA SAMEDI, M.D., the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against the Defendant, VANESSA SAMEDI, M.D., jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

### THIRD COUNT

1.  Plaintiffs repeat each and every allegation of the Factual Background, First, and Second Counts as if same were set forth at length herein.

2.  Defendant, ZUFALL HEALTH CENTER, directly, and/or by and through its agents, servants, and/or employees, examined Plaintiff's decedent, ELIZABETH RIVERA and otherwise

rendered treatment and/or other medical services to Plaintiff's decedent in connection with the complained of conditions.

3. Defendant, ZUFALL HEALTH CENTER, directly, and/or by and through its agents, servants, and/or employees, including but not limited to, Defendant(s), JANICE TAITEL, M.D. and/or VANESSA SAMEDI, M.D., was negligent in that it:

   a. Deviated from accepted standards of medical care;
   b. Failed to exercise the degree of skill and care commonly exercised by other entities and/or medical practices providing similar medical services, surgery, and/or treatment of patients;
   c. Failed to properly select, train, and/or supervise its agents, servants, and/or employees;
   d. Was otherwise negligent.

4. In addition to the direct claims against Defendant, ZUFALL HEALTH CENTER, referenced herein, the other described activities of Defendant, ZUFALL HEALTH CENTER, by and through its agents, servants, and/or employees, including but not limited to, Defendant(s), JANICE TAITEL, M.D. and/or VANESSA SAMEDI, M.D., and the injuries and damages that Plaintiffs' decedent, ELIZABETH RIVERA, has sustained from the aforementioned negligent conduct, is the responsibility of Defendant, ZUFALL HEALTH CENTER, under the principles of vicarious liability and/or *respondeat superior*.

5. As a direct and proximate result of the negligence of Defendant, ZUFALL HEALTH CENTER, Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

6. As a direct and proximate result of the negligence of Defendant, ZUFALL HEALTH CENTER, the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

7. As a direct and proximate result of the negligence of Defendant, ZUFALL HEALTH CENTER, the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against the Defendant, ZUFALL HEALTH CENTER, jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

## FOURTH COUNT

1. Plaintiffs repeat each and every allegation of the Factual Background, First, Second and Third Counts as if same were set forth at length herein.

2. Defendant, ZHC DOVER MEDICAL, directly, and/or by and through its agents, servants, and/or employees, examined Plaintiff's decedent, ELIZABETH RIVERA and otherwise rendered treatment and/or other medical services to Plaintiff's decedent in connection with the complained of conditions.

3. Defendant, ZHC DOVER MEDICAL, directly, and/or by and through its agents, servants, and/or employees, including but not limited to, Defendants, JANICE TAITEL, M.D. and/or VANESSA SAMEDI, M.D., was negligent in that it:

   a. Deviated from accepted standards of medical care;
   b. Failed to exercise the degree of skill and care commonly exercised by other entities and/or medical practices providing similar medical services, surgery, and/or treatment of patients;
   c. Failed to properly select, train, and/or supervise its agents, servants, and/or employees;
   d. Was otherwise negligent.

4.  In addition to the direct claims against Defendant, ZHC DOVER MEDICAL, referenced herein, the other described activities of Defendant, ZHC DOVER MEDICAL, by and through its agents, servants, and/or employees, including but not limited to, Defendants, JANICE TAITEL, M.D. and/or VANESSA SAMEDI, M.D., and the injuries and damages that Plaintiffs' decedent, ELIZABETH RIVERA, has sustained from the aforementioned negligent conduct, is the responsibility of Defendant, ZHC DOVER MEDICAL, under the principles of vicarious liability and/or *respondeat superior*.

5.  As a direct and proximate result of the negligence of Defendant, ZHC DOVER MEDICAL, Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

6.  As a direct and proximate result of the negligence of Defendant, ZHC DOVER MEDICAL, the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

7.  As a direct and proximate result of the negligence of Defendant, ZHC DOVER MEDICAL, the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

## **FIFTH COUNT**

1.  Plaintiffs repeat each and every allegation of the Factual Background, First, Second, Third and Fourth Counts as if same were set forth at length herein.

2.  The Defendant, WILLIAM CARLE, M.D., deviated from the accepted standards of medical care and was negligent in that he:

a. Failed to exercise ordinary care in the diagnosis and treatment of Plaintiffs' decedent's condition and/or in rendering services to Plaintiff in connection with the aforementioned condition;

b. Failed to exercise the degree of care and skill commonly exercised by other physicians, nurses, and/or attendants;

c. Failed to warn and/or advise Plaintiffs' decedent of her condition in a timely and diligent manner;

d. Failed to warn and/or advise Plaintiffs' decedent of certain risks and treatment alternatives;

e. Failed to properly manage Plaintiffs' decedent's condition; and

f. Was otherwise negligent.

3. As a direct and proximate result of the negligence of Defendant, WILLIAM CARLE, M.D., Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

4. As a direct and proximate result of the negligence of Defendant, WILLIAM CARLE, M.D., the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

5. As a direct and proximate result of the negligence of Defendant, WILLIAM CARLE, M.D., the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against the Defendant, WILLIAM CARLE, M.D., jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

## SIXTH COUNT

1.  Plaintiffs repeat each and every allegation of the Factual Background, First, Second, Third, Fourth and Fifth Counts as if same were set forth at length herein.

2.  The Defendant, JULIA WALTER, R.N., deviated from the accepted standards of medical care and was negligent in that she:

    a.  Failed to exercise ordinary care in the diagnosis and treatment of Plaintiffs' decedent's condition and/or in rendering services to Plaintiff in connection with the aforementioned condition;

    b.  Failed to exercise the degree of care and skill commonly exercised by other physicians, nurses, and/or attendants;

    c.  Failed to warn and/or advise Plaintiffs' decedent of her condition in a timely and diligent manner;

    d.  Failed to warn and/or advise Plaintiffs' decedent of certain risks and treatment alternatives;

    e.  Failed to properly manage Plaintiffs' decedent's condition; and

    f.  Was otherwise negligent.

3.  As a direct and proximate result of the negligence of Defendant, JULIA WALTER, R.N., Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

4.  As a direct and proximate result of the negligence of Defendant, JULIA WALTER, R.N., the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

5.  As a direct and proximate result of the negligence of Defendant, JULIA WALTER, R.N., the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other

injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against the Defendant, JULIA WALTER, R.N., jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

## SEVENTH COUNT

1.  Plaintiffs repeat each and every allegation of the Factual Background, First, Second, Third, Fourth, Fifth and Sixth Counts as if same were set forth at length herein.

2.  The Defendant, KEITH ZDZIARSKI, R.N., deviated from the accepted standards of medical care and was negligent in that he:

   a.  Failed to exercise ordinary care in the diagnosis and treatment of Plaintiffs' decedent's condition and/or in rendering services to Plaintiff in connection with the aforementioned condition;
   b.  Failed to exercise the degree of care and skill commonly exercised by other physicians, nurses, and/or attendants;
   c.  Failed to warn and/or advise Plaintiffs' decedent of her condition in a timely and diligent manner;
   d.  Failed to warn and/or advise Plaintiffs' decedent of certain risks and treatment alternatives;
   e.  Failed to properly manage Plaintiffs' decedent's condition; and
   f.  Was otherwise negligent.

3.  As a direct and proximate result of the negligence of Defendant, KEITH ZDZIARSKI, R.N., Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

4.   As a direct and proximate result of the negligence of Defendant, KEITH ZDZIARSKI, R.N., the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

5.   As a direct and proximate result of the negligence of Defendant, KEITH ZDZIARSKI, R.N., the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against the Defendant, KEITH ZDZIARSKI, R.N., jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

## EIGHTH COUNT

1.   Plaintiffs repeat each and every allegation of the Factual Background, First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts as if same were set forth at length herein.

2.   Defendant, HACKETTSTOWN MEDICAL CENTER, directly, and/or by and through its agents, servants, and/or employees, examined Plaintiff's decedent, ELIZABETH RIVERA and otherwise rendered treatment and/or other medical services to Plaintiff's decedent in connection with the complained of conditions.

3.   Defendant, HACKETTSTOWN MEDICAL CENTER, directly, and/or by and through its agents, servants, and/or employees, including but not limited to, Defendants, WILLIAM CARLE, M.D., JULIA WALTER, R.N. and KEITH ZDZIARSKI, R.N. was negligent in that it:

    a.   Deviated from accepted standards of medical care;

    b. Failed to exercise the degree of skill and care commonly exercised by other entities and/or medical practices providing similar medical services, surgery, and/or treatment of patients;

    c. Failed to properly select, train, and/or supervise its agents, servants, and/or employees;

    d. Was otherwise negligent.

4. In addition to the direct claims against Defendant, HACKETTSTOWN MEDICAL CENTER, referenced herein, the other described activities of Defendant, HACKETTSTOWN MEDICAL CENTER, by and through its agents, servants, and/or employees, including but not limited to, Defendants, WILLIAM CARLE, M.D., JULIA WALTER, R.N. and KEITH ZDZIARSKI, R.N., and the injuries and damages that Plaintiffs' decedent, ELIZABETH RIVERA, has sustained from the aforementioned negligent conduct, is the responsibility of Defendant, HACKETTSTOWN MEDICAL CENTER, under the principles of vicarious liability and/or *respondeat superior*.

5. As a direct and proximate result of the negligence of Defendant, HACKETTSTOWN MEDICAL CENTER, Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

6. As a direct and proximate result of the negligence of Defendant, HACKETTSTOWN MEDICAL CENTER, the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

7. As a direct and proximate result of the negligence of Defendant, HACKETTSTOWN MEDICAL CENTER, the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against the Defendant, HACKETTSTOWN MEDICAL CENTER, jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

## NINTH COUNT

1. Plaintiffs repeat each and every allegation of the Factual Background, First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts as if same were set forth at length herein.

2. Defendants, JOHN DOES 1-10, deviated from the accepted standards of medical care and were negligent in that they:

    a. Failed to exercise ordinary care in the diagnosis and treatment of Plaintiff's condition and/or in rendering services to Plaintiffs' decedent in connection with the aforementioned condition;

    b. Failed to exercise the degree of care and skill commonly exercised by other physicians, nurses, and/or attendants;

    c. Failed to warn and/or advise Plaintiffs' decedent of her condition in a timely and diligent manner;

    d. Failed to warn and/or advise Plaintiffs' decedent of certain risks and treatment alternatives in order that Plaintiff might provide informed consent;

    e. Failed to properly manage Plaintiff's decedent's condition; and

    f. Were otherwise negligent.

3. As a direct and proximate result of the negligence of Defendants, JOHN DOES 1-10, Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

4.  As a direct and proximate result of the negligence of Defendants, JOHN DOES 1-10, the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

5.  As a direct and proximate result of the negligence of Defendants, JOHN DOES 1-10, the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against Defendants, JOHN DOES 1-10, jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

## TENTH COUNT

1.  Plaintiffs repeat each and every allegation of the Factual Background, First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Counts as if same were set forth at length herein.

2.  Defendants, ABC CORPORATIONS 1-10, directly, and/or by and through their agents, servants, and/or employees, examined Plaintiffs' decedent, ELIZABETH RIVERA, and/or otherwise rendered treatment and/or other medical services to Plaintiff in connection with the complained of condition.

3.  Defendants, ABC CORPORATIONS 1-10, directly, and/or by and through their agents, servants, and/or employees, were negligent in that they:

   a.  Deviated from accepted standards of medical care;
   b.  Failed to exercise the degree of skill and care commonly exercised by other entities and/or medical practices providing similar medical services, surgery and/or treatment of patients;
   c.  Failed to properly select, train, and/or supervise its agents, servants, and/or employees;

    d. Were otherwise negligent.

4. In addition to the direct claims against Defendants, ABC CORPORATIONS 1-10, referenced herein, the other described activities of Defendants, ABC CORPORATIONS 1-10, through their agents, servants, and/or employees, and the injuries and damages that Plaintiffs' decedent, ELIZABETH RIVERA, sustained from the aforementioned negligent conduct, is the responsibility of Defendants, ABC CORPORATIONS 1-10 under the principles of vicarious liability and/or of *respondeat superior.*

5. As a direct and proximate result of the negligence of Defendants, ABC CORPORATIONS 1-10, Plaintiffs' decedent, ELIZABETH RIVERA endured conscious pain and suffering, disability, impairment, loss of enjoyment of life, fear of impending death, and otherwise sustained permanent injuries that caused her death.

6. As a direct and proximate result of the negligence of Defendants, ABC CORPORATIONS 1-10, the Estate of ELIZABETH RIVERA, was responsible for hospital, medical, funeral, and/or other expenses related to her death.

7. As a direct and proximate result of the negligence of Defendants, ABC CORPORATIONS 1-10, the survivors of Plaintiff's decedent, ELIZABETH RIVERA, have suffered pecuniary and other injuries, including, but not limited to, loss of financial support, companionship, advice, and guidance.

**WHEREFORE**, Plaintiff, FERGIE RIVERA-ROMERO, Administratrix of the Estate of ELIZABETH RIVERA, deceased, demands judgment against the Defendants, ABC CORPORATIONS 1-10, jointly and/or severally, for damages, interest, attorneys' fees, and costs of suit.

## ELEVENTH COUNT

1. Plaintiffs repeat each and every allegation of the Factual Background, First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Counts as if same were set forth at length herein.

2. Plaintiffs, FERGIE RIVERA-ROMERO and ANTHONY RIVERA, observed the injuries to their daughter, Plaintiff's decedent, ELIZABETH RIVERA, and ultimately her death.

3. As a direct and proximate result of witnessing Plaintiffs' decedent, ELIZABETH RIVERA's death, and associating it to the aforesaid negligence of Defendants, ZUFALL HEALTH CENTER; ZHC DOVER MEDICAL; JANICE TAITEL, M.D.; VANESSA SAMEDI, M.D.; HACKETTSTOWN MEDICAL CENTER; WILLIAM CARLE, M.D.; JULIA WALTER, R.N.; KEITH ZDZIARSKI, R.N, JOHN DOES 1-10, and ABC CORPORATIONS 1-10, Plaintiffs, FERGIE RIVERA-ROMERO and ANTHONY RIVERA, have sustained severe emotional distress.

**WHEREFORE**, Plaintiffs, FERGIE RIVERA-ROMERO and ANTHONY RIVERA, individually, demands judgment against Defendants, ZUFALL HEALTH CENTER; ZHC DOVER MEDICAL; JANICE TAITEL, M.D.; VANESSA SAMEDI, M.D.; HACKETTSTOWN MEDICAL CENTER; WILLIAM CARLE, M.D.; JULIA WALTER, R.N.; KEITH ZDZIARSKI, R.N, JOHN DOES 1-10, and ABC CORPORATIONS 1-10, for damages, together with interest, attorneys' fees, and costs of suit.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all matters herein.

## TRIAL DESIGNATION

Pursuant to <u>Rule</u> 4:25-4, Ernest P. Fronzuto, Esq. is hereby designated as trial counsel for the within matter.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to <u>Rule</u> 4:10-2 (b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action; or indemnify or reimburse for payments made to satisfy the judgment; and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe, and umbrella policies.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify, pursuant to Rule 4:5-1, that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action at this time.

FRONZUTO LAW GROUP
Attorneys for the Plaintiffs, Fergie Rivera-Romero,
Administratrix of the Estate of Elizabeth Rivera,
and Fergie Rivera-Romero and Anthony Rivera,
individually

By: _____
ERNEST P. FRONZUTO

Dated: February 20, 2020

**Appendix XII-B1**

<table>
<tr><td rowspan="2"></td><td rowspan="2">

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

</td><td colspan="2">FOR USE BY CLERK'S OFFICE ONLY</td></tr>
<tr><td colspan="2">PAYMENT TYPE: ☐ CK ☐ CG ☐ CA</td></tr>
</table>

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME<br>ERNEST P. FRONZUTO, ESQ. | TELEPHONE NUMBER<br>(973) 345-6300 | COUNTY OF VENUE<br>Morris |
|---|---|---|

FIRM NAME  (if applicable)
FRONZUTO LAW GROUP

DOCKET NUMBER  (when available)

OFFICE ADDRESS
200 BROWERTOWN ROAD
WOODLAND PARK, NJ 07424

DOCUMENT TYPE
COMPLAINT

JURY DEMAND   ■ YES    ☐ No

NAME OF PARTY (e.g., John Doe, Plaintiff)
Rivera, Elizabeth, a minor, Estate of,
v. Zufall Health Center, et al.

CAPTION
Fergie Rivera-Romero, Administratrix of the Estate of Elizabeth Rivera,
deceased, and Fergie Rivera-Romero and Anthony Rivera, individually,
v. Zufall Health Center, et al.

CASE TYPE NUMBER
(See reverse side for listing)

604

HURRICANE SANDY
RELATED?
☐ YES   ■ NO

IS THIS A PROFESSIONAL MALPRACTICE CASE?   ■ YES   ☐ NO

IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW
REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?
☐ Yes   ■ No

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES
(arising out of same transaction or occurrence)?
☐ Yes   ■ No

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known)
☐ NONE
■ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR
RECURRENT RELATIONSHIP?
☐ Yes   ■ No

IF YES, IS THAT RELATIONSHIP:
☐ EMPLOYER/EMPLOYEE
☐ FAMILIAL
☐ FRIEND/NEIGHBOR
☐ BUSINESS
☐ OTHER (explain)

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ Yes   ■ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?
☐ Yes   ■ No

IF YES, PLEASE IDENTIFY THE  REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED?
☐ Yes   ■ No

IF YES, FOR WHAT LANGUAGE?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I  -  150 days' discovery
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

### Track II  -  300 days' discovery
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

### Track III  -  450 days' discovery
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV  -  Active Case Management by Individual Judge / 450 days' discovery
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 282 | FOSAMAX | 300 | TALC-BASED BODY POWDERS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 601 | ASBESTOS |
| 286 | LEVAQUIN | 623 | PROPECIA |
| 287 | YAZ/YASMIN/OCELLA | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |
| 289 | REGLAN | 625 | FIREFIGHTER HEARING LOSS LITIGATION |
| 291 | PELVIC MESH/GYNECARE | 626 | ABILIFY |
| 292 | PELVIC MESH/BARD | 627 | PHYSIOMESH FLEXIBLE COMPOSITE MESH |
| 293 | DEPUY ASR HIP IMPLANT LITIGATION | 628 | TAXOTERE/DOCETAXEL |
| 295 | ALLODERM REGENERATIVE TISSUE MATRIX | 629 | ZOSTAVAX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

### Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59